UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:11-CV-580-FDW

| | |
|---|---|
| JENNIFER L. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| SUNTRUST BANK, INC., SUNTRUST MORTGAGE, INC.; RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTAL FUNDING CORPORATION; THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.; AND DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

THIS MATTER comes now before the Court upon Defendants Suntrust Bank, Inc., Suntrust Mortgage, Inc., f/k/a Residential Funding Corporation's Motion To Dismiss (Doc. No. 22). For the reasons stated herein, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED for lack of subject matter jurisdiction. Defendant's Motion to Dismiss based on Fed. R. Civ. P. 12(b)(6) is DENIED as moot.

**I. Background**

Plaintiff seeks to hold Defendants liable for several claims related to the foreclosure of her residence including misrepresentation, breach of contract, violation of the Fair Debt Collection Practices Act, wrongful foreclosure, and unjust enrichment. Plaintiff also seeks to quiet title.

On January 19, 2007, Plaintiff obtained a loan from Defendant SunTrust Mortgage, Inc. This loan was evidenced by a promissory note and secured by recording a deed of trust in the

Gaston County Registry. In the Deed of Trust, Plaintiff granted Defendant SunTrust Mortgage a security interest in a piece of real property (the land in dispute) located at 2635 Gaston Day School Road, Gastonia, North Carolina 28056. Subsequently, Residential Funding Corporation became the investor of the loan and SunTrust Mortgage remained the servicer of the loan. (Doc. No. 1, p. 14; Doc. No. 23, p. 2). On December 21, 2009, a foreclosure on Plaintiff's property commenced. (Doc. No. 1, p. 4; Doc. No. 23, p. 2). On January 20, 2010, the Assistant Clerk of Superior Court of Gaston County entered an Order allowing the foreclosure sale to proceed pursuant to N.C. Gen. Stat. § 45-21.16. (Doc. No. 1, p. 6; Doc. No. 23, p. 2). On May 4, 2010, Plaintiff filed for Chapter 13 bankruptcy; however, Plaintiff contends this was voluntarily dismissed shortly thereafter. (Doc. No. 1, p. 6; Doc. No. 23, p. 2). The substitute trustee then moved the state court to reactivate the foreclosure. (Doc. No. 1, p. 6; Doc. No. 23, p. 2).

On October 27, 2010, the trustee held the foreclosure sale and sold the property to the highest bidder. (Doc. No. 1, p. 7; Doc. No. 23, p. 3). On November 15, 2011, Plaintiff filed the current action seeking damages related to the foreclosure, a recession of the new trustee's deed, and an order setting aside the clerk's order allowing the foreclosure sale. (Doc. No. 1, p. 7; Doc. No 23, p. 3).

**II. Legal Standard**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), the Court may consider evidence outside the pleadings without converting a defendant's motion to one for summary judgment. Id.; Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). Ultimately, the burden of proof is on Plaintiff to

demonstrate that the Court has subject-matter jurisdiction over a dispute. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Furthermore, the doctrine of res judicata (or "claim preclusion") precludes a party from bringing a claim that has already been "litigated to a final judgment by that party . . . and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009); see also Montana v. United States, 440 U.S. 147, 153 (1979). "To establish a res judicata defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties . . . in the two suits." Andrews v. Daw, 201 F.3d 521, 524 n.l (4th Cir. 2000).

## III. Analysis

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's claim for relief pursuant to Fed. R. Civ. P. 12(b)(1). Defendant's reasoning is centered on the Supreme Court cases that make up the Rooker/Feldman doctrine. Both Rooker and Feldman, while decided several years apart, center on the idea that a Plaintiff who is dissatisfied with a state court judgment may not appeal the exact claims to a federal district court.

Rooker states, "where constitutional questions actually arose in a cause in which a state court had jurisdiction of the subject-matter and of the parties, that court's decision, whether right or wrong, is conclusive, unless and until reversed or modified by a timely and appropriate appellate proceeding." Rooker v. Fidelity Trust Co., 263 U.S. 413, 414 (1923).

Feldman cites Rooker and has a similar factual situation to the case at hand. In Feldman, plaintiffs unsuccessfully sought permission to sit for the District of Columbia bar examination and brought an action challenging the validity of the rule which prevented them from doing so.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The court determined it did not have subject matter jurisdiction over the claims and could not rule in Feldman's case. They stated, "[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that state court's action was unconstitutional. Review of those decisions may be held only in [the United States Supreme Court]." Id. at 486; see also id. at 483 ("lower federal courts possessed no power whatsoever to sit in direct review of state court decisions."); Leonard v. Suthard, 927 F.2d 168, 169-170 (4th Cir. 1991) ("We hold that, under the Feldman doctrine, the state court's decision may not be reviewed by the district court, and thus, we affirm the district court's dismissal."); see also, Czura v. Supreme Court of South Carolina, 813 F.2d 644 (4th Cir. 1987).

While the Rooker/Feldman doctrine does not deprive federal courts of subject matter jurisdiction over claims *similar* to those brought in state court, Kimble v. Greenpoint Mortg., 128 Fed. Appx. 984, 985 (4th Cir. 2005) ("[T]he doctrine does not deprive a federal district court of subject matter jurisdiction over a suit involving issues similar to those raised in pending state court litigation."), the court does not retain jurisdiction over *identical* claims. Here, Plaintiff raises the same claims that have been properly adjudicated in state court.

Even if Rooker/Feldman did not apply, the doctrine of *res judicata* is applicable in North Carolina and would bar the Plaintiff's claims in this court. In re Atkinson-Clark Canal Co., 67 S.E.2d 276 (1951) (noting that *res judicata* does apply to state clerk's orders that are not "excepted to and reversed or modified on appeals, as allowed by the statute").

However, Plaintiff is not left without a remedy. Plaintiff may, of course, appeal her claims to the North Carolina Court of Appeals. This Court simply does not have jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1) and the Supreme Court's guidance in <u>Rooker</u> and <u>Feldman</u>.

**IV. Conclusion**

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED. Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED as moot.

IT IS SO ORDERED.

Signed: February 23, 2012

Frank D. Whitney
United States District Judge