# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11-CV-580

| | |
|---|---|
| JENNIFER L. WILSON, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>)<br>SUNTRUST BANK, SUNTRUST )<br>MORTGAGE, INC., RESIDENTIAL )<br>FUNDING CORPORATION, THE LAW )<br>FIRM OF HUTCHENS, SENTER, & )<br>BRITTON, P.A., and DOES 1-10, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court upon Defendants' Hutchens, Senter, and Britton, P.A. and Substitute Trustee Services' Motion to Dismiss (Doc. No. 54). The parties argue that the entire case should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and in the alternative, the case should be dismissed for failure to make a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' Motion (Doc. No. 54) is GRANTED IN PART and DENIED IN PART.

The Court must first address whether it has subject matter jurisdiction. Defendants argue the Court lacks jurisdiction under the Rooker-Feldman Doctrine. This doctrine is based on two Supreme Court cases which were decided several years apart and center on the idea that a Plaintiff who is dissatisfied with a state court judgment may not appeal the exact claims to a federal district court. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 414 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

However, the Rooker-Feldman Doctrine cannot apply to Defendants Hutchens, Senter,

and Britton, P.A., the only Defendants named in count one (1) of Plaintiff's Complaint, because Defendants were not part of any identical state court action. Rooker-Feldman holds that a plaintiff's remedy is the state appeals process; however, here there is no state action to appeal that would resolve Plaintiff's Fair Debt Collection Practices Act (FDCPA) claim. While this claim may arise out of the same events that were the subject of a foreclosure action in state court, a *similar* action in state court does not deprive this Court of jurisdiction. See Kimble v. Greenpoint Mortg., 128 Fed. Appx. 984, 985 (4th Cir. 2005) ("[The Rooker-Feldman] doctrine does not deprive a federal district court of subject matter jurisdiction over a suit involving issues similar to those raised in pending state court litigation.").

Likewise, *res judicata* cannot apply. Defendants concede in their brief that the doctrine of *res judicata* requires "an identity of parties or their privies in the two suits" as well as "an identity of the cause of action in both the earlier and later suit." See Erler v. Aon Risks Servs., Inc. of The Carolinas, 141 N.C. App. 312, 316 (2000). Here, there is no evidence or allegation that Defendants were a party to any state court action that shared a cause of action with this case. Instead, Plaintiff has alleged a violation of a federal statute, the Fair Debt Collection Practices Act (FDCPA), and the Court has jurisdiction to consider her cause of action.[1]

In the alternative, Defendants argue Plaintiff fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's claim falls outside of the statute of limitations. Defendants cite Ross v. Gordon & Weinberg, P.C., No. 3:09-CV-482, 2011 WL 3841549 (W.D.N.C. August 30, 2011), to state the statute of limitations begins to accrue when the communication violating the FDCPA is sent. However, in the instant case,

---

[1] Defendants also make an argument that the Court lacks jurisdiction because Plaintiff lacks standing to enforce the Pooling and Servicing Agreement. Because the Court has jurisdiction to enforce the Fair Debt Collection Practices Act and because Plaintiff alleges Defendant did not verify the debt owed, as required by the act, the Court need not reach whether Plaintiff has standing to enforce the Pooling and Servicing Agreement, which seems to be inconsequential to Plaintiff's claims.

Plaintiff alleges a failure to verify the debt following Plaintiff's request to do so, in violation of 15 U.S.C. § 1629g. Ross has nothing to do with debt verification but instead deals with the statute of limitations once a misleading debt collection communication is made. See Ross, 2011 WL 3841549 at *3. The FDCPA itself specifies that the statute of limitations is "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Here, no violation had occurred until Plaintiff did not receive a validation of her debt within thirty (30) days of her request. See Salyer v. CACV of Colorado, LLC, 2005 WL 1745644 (W.D.Va. 2005) ("[A] debtor has notice of a 15 U.S.C. § 1692(g) violation when he does not receive a proper debt verification letter but does receive notice that the debt collector has filed an enforcement action against him."). Because Plaintiff allegedly submitted a debt validation request on October 14, 2010 (Am. Comp. ¶ 32), no violation occurred until November 14, 2010, and Plaintiff had until November 15, 2011 to file suit. See Maloy v. Phillips, 64 F.3d 607 (11th Cir. 1995) (noting that FDCPA was enacted after the Federal Rules of Civil Procedure, and thus Fed. R. Civ. P. 6(a) applies and computation of any period of time proscribed by the statute shall not include the date of the event from which the time begins to run). Plaintiff filed the above-captioned case on November 15, 2011.

That is not to say Plaintiff's entire case is within the statute of limitations. Defendants have attached an exhibit[2] to prove that their initial communication was July 27, 2009 and Plaintiff failed to request verification of the debt within thirty (30) days, as required by 15 U.S.C. § 1629g(a)(3); however, before the Court is a Motion to Dismiss under Fed. R. Civ. P. 12. Exhibits to Defendants' motion cannot be considered without converting their motion to one for summary judgment. See, e.g., Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004)

---

[2] The Court notes that the exhibit appears to be a letter from SunTrust Bank, which has been dismissed from this case. Defendant Hutchens, Senter & Briton, P.A. does not appear to have signed the letter or be mentioned in it.

(noting that Fed. R. Civ. P. 12(b)(6) requires a motion to dismiss to be treated as a motion for summary judgment when the motion to dismiss or exhibits present matters outside the nonmoving party's pleadings and they are not excluded by the district court). Fed. R. Civ. 12 tests the legal sufficiency of the *complaint*. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Here, the Amended Complaint states that Plaintiff received a communication from Defendant Hutchens, Senter & Briton, P.A. on December 11, 2009 and mentions no earlier date; however, the Amended Complaint also states she sent a debt verification letter before that date on December 8, 2009. When the first communication from Defendant Hutchens, Senter & Briton, P.A. was received by Plaintiff is a factual question that, in the instant case, cannot be resolved by a motion under Fed. R. Civ. P. 12, and is best left for summary judgment or a jury. Therefore, Defendants' Motion to Dismiss as to count one of the Amended Complaint is DENIED.

Next, Defendants seek to dismiss Plaintiff's second cause of action, which alleges a violation of the Federal Trade Commission Act, 15 U.S.C. § 41, et seq, against both Defendant Hutchens, Senter, and Britton, P.A. and Substitute Trustee Services. However, the Federal Trade Commission Act does not create a private right of action, and therefore Plaintiff cannot seek a remedy under it. See, e.g., Wimbley v. Select Porfolio Servicing, Inc., No. 1:08-CV-939, 2009 WL 2045922, *3 (M.D.N.C. July 9, 2009) ("It is well established that the FTC Act does not create a private right of action for enforcement of the FTC Act."); Hageman v. Twin City Chrysler-Plymouth, Inc., 681 F. Supp. 303, 309 (noting that the FTC Act does not grant a private right to sue); King v. Wilmington Transit Co., 976 F. Supp. 356, 358 (E.D.N.C. 1997) ("Although the Fourth Circuit has not addressed this issue, the other courts that do so are unanimous in holding that congress did not intend to create a private cause of action by enacting

the FTCA.") (citing American Airlines v. Christensen, 967 F.2d 410 (10th Cir.1992); Dreisbach v. Murphy, 658 F.2d 720 (9th Cir.1981); Fulton v. Hecht, 580 F.2d 1243 (5th Cir.1978), cert. denied, 440 U.S. 981 (1979); Fogel v. Metropolitan Life Ins. Co., 871 F.Supp. 571 (E.D.N.Y.1994)). Therefore, Defendants' motion with respect to Plaintiff's second cause of action, alleging a violation of the Federal Trade Commission Act is HEREBY GRANTED and the claim is DISMISSED.

Plaintiff's third cause of action alleges a breach of fiduciary duty against only Substitute Trustee Services (See Am. Comp., ¶ 89-99). It is clear from the face of Plaintiff's complaint that this Court lacks subject-matter jurisdiction over this claim and it is therefore DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff states that the Assistant Clerk in state court authorized Substitute Trustee Services, Inc. to proceed with foreclosure and alleges that Substitute Trustee Services breached their fiduciary duty "by failing to acertain the true identity of the lawful 'Note Holder'" (Am. Comp., ¶ 94, 98). Therefore Substitute Trustee Services was a party to the state court action and the state court appeals process is available to Plaintiff. Under the Rooker-Feldman Doctrine, Plaintiff cannot appeal her state court case to federal court, and this Court has no jurisdiction to hear this claim. Claim three (3) is therefore DISMISSED.

Therefore, only count one of Plaintiff's Amended Complaint (Doc. No. 52) remains. See Pacific Bell Telephone Co. v. Linkline Communications, Inc. 555 U.S. 438 (2009) ("Normally, an amended complaint supersedes the original complaint.") (citing 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1476, p. 556-57 (2d ed. 1990)); Young v. City of Ranier, 238 F. 567 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rending the original pleading of no effect. Thus, if an amended complaint omits claims raised in the original complaint, the plaitniff has waived those omitted

claims."). Because counts two (2) and three (3) were dismissed and count one (1) does not allege any action against Substitute Trustee Services, Defendant Substitute Trustee Services is HEREBY DISMISSED from the case in its entirety.

    IT IS SO ORDERED.

Signed: August 9, 2012

Frank D. Whitney
United States District Judge